**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASMINE VALDEZ, on behalf of themselves and all others similarly situated,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>TEA DATING ADVICE, INC.  )<br>)<br>Defendant.  )<br>) | Case No. 1:25-cv-12050 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Tea Dating Advice, Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

**I.     Threshold Requirements**

1. On August 29, 2025, Plaintiff Jasmine Valdez ("Plaintiff") filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, Chancery Division, captioned *Jasmine Valdez v. Tea Dating Advice, Inc.*, No. 2025CH09023 (the "State Court Action").

2. Plaintiff served Defendant with the Complaint and Summons on September 15, 2025.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Plaintiff served Defendant.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit A.**

5. Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA") by scanning a user's facial geometry to verify the user's gender and identity. (Compl., ¶¶ 5-7). Specifically, Plaintiff alleges that Defendant "collects, possesses, stores, otherwise obtains, and/or uses users' face geometry and related biometric information" from uploaded "selfies" and ID photos and, allegedly in violation of BIPA, failed to obtain proper written informed consent, publish "publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information," "destroy Plaintiff and the Class's biometric data when the initial purpose for collecting or obtaining sch data has been satisfied," inform Plaintiff and the Class "in writing of the specific purpose and length of time for which such biometric identifiers or biometric information were being, collected, stored and used," and "protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry." (Compl., ¶¶ 31-32, 38, 44, 55, 71.)

6. Plaintiff seeks to represent a putative class of "[a]ll Illinois residents who had their facial geometry captured, collected, possessed, received, store, otherwise obtained and/or used, by Defendant in Illinois." (Compl., ¶ 40).

7. The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiff brings in this case. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (holding there is Article III jurisdiction over claims under Section 15(a) of BIPA

where plaintiff alleges unlawful retention of data)[1]; *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims).

## II. Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

8. Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

9. Plaintiff estimates that the putative class includes "thousands" of members. (Compl., ¶ 42.)

10. The class must contain at least two thousand people to constitute "thousands" of persons. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

11. According to the allegations in the Complaint, Plaintiff is a resident and citizen of Illinois. (Compl., ¶ 14).

12. Defendant's principal place of business is in San Francsico California. (Compl. ¶ 15.) Plaintiff did not allege the state of incorporation, but Defendant represents that it is a Delaware corporation. Therefore, Defendant is a citizen of Delaware and California.

---

[1] Section 15(a) requires destruction "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Plaintiff alleges that Defendant "has not, and will not, destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied." (Compl., ¶ 55; *see also id.* ¶¶ 49-50, 54-56.)

[2] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

13. Because Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware and California, at least one member of the class of plaintiffs is a citizen of a State different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

14. Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)-(4).

15. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim.").

16. Plaintiff seeks declaratory relief, "injunctive and other equitable relief," "statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2)", or "statutory damages of $1,000.00 for each and every [negligent] violation pursuant to 740 ILCS 14/20(1)" "reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)" and "pre- and post-judgment interest." (Compl., pp. 18-19).

17. Because Plaintiff is seeking statutory damages of $5,000.00 for each alleged violation, in addition to attorney's fees and unspecific injunctive and equitable relief and alleges that the number of persons within the class amount to "thousands" of persons—which must be at least two thousand people—the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).[3]

18. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

---

[3] If damages are calculated on a per-person basis and there are at least 2,000 class members, the amount in controversy would be $10,000,000, plus attorneys' fees and the value of other unspecific relief that Plaintiff seeks.

4

**III.     Venue**

19.     Venue is proper in the Eastern Division of the Northern District of Illinois because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

20.     Defendant will provide written notice of the filing of this Notice of Removal to plaintiff the Circuit Court of Cook County, Illinois, Chancery Division.

**WHEREFORE,** Defendant Tea Dating Services, Inc. hereby removes this civil action to this Court on the bases identified above.

Dated: October 2, 2025                                           Respectfully submitted,

                                                                                    By: /s/ *Katharine H. Walton*
                                                                                    Joel C. Griswold
                                                                                    Bonnie Keane DelGobbo
                                                                                    Katharine H. Walton
                                                                                    **BAKER & HOSTETLER LLP**
                                                                                    One North Wacker Drive, Suite 3700
                                                                                    Chicago, Illinois 60606
                                                                                    Telephone: (312) 416-6200
                                                                                    jcgriswold@bakerlaw.com
                                                                                    bdelgobbo@bakerlaw.com
                                                                                    kwalton@bakerlaw.com

                                                                                    *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that she caused a true copy of the foregoing Notice of Removal to be served on counsel of record via email and first-class mail on October 2, 2025, to:

Jay Kumar
Jay Kumar Law
211 W. Wacker Dr, Suite 200B
Chicago, IL 60606
Tel: 312-767-7903
Jay@jaykumarlaw.com

                                                                     */s/ Katharine H. Walton*